IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Gail Harper, | NO. C 11-01306 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' ANTI-SLAPP MOTION** |
| v. | |
| Ryan Lugbauer, et al., | |
| Defendants. | |

Presently before the Court is City Defendants'[1] Anti-SLAPP Motion.[2] The Court conducted a hearing on March 12, 2012. Based on the papers submitted to date and oral argument, the Court GRANTS City Defendants' Anti-SLAPP Motion.

---

[1] City Defendants are: George Gascón ("Gascón"), an individual and as an agent of the San Francisco Police Department; Anna Brown ("Brown"), an individual and as an agent of the San Francisco Police Department; Carl Tennenbaum a.k.a. Carl Tee or Carl T ("Tennenbaum"), an individual and as an agent of the San Francisco Police Department; San Francisco Police Department ("SFPD"); and City and County of San Francisco ("San Francisco") (collectively, "City Defendants").

[2] (Special Motion to Strike Certain State Law Causes of Action Pursuant to California Code of Civil Procedure § 425.16 by Defendants City and County of San Francisco, San Francisco Police Department, Former Chief of Police George Gascón, Carl Tennenbaum, and Anna Brown, hereafter, "Motion," Docket Item No. 94.)

### A. Background

A detailed factual and procedural history of this case may be found in the Court's September 22, 2011 Order.[3] The Court reviews the relevant procedural history as it relates to the present Motion.

On September 22, 2011, the Court granted an earlier anti-SLAPP motion filed by two other Defendants in this case. (See September 22 Order at 8-11.) In its September 22 Order, the Court found that Plaintiff's claims against those Defendants were barred under California law by the "litigation privilege." (Id.) The Court also granted another Defendant's motion to dismiss, but gave Plaintiff leave to amend her claims against him. (Id. at 11-13.)

On October 10, 2011, Plaintiff filed her Second Amended Complaint. (Docket Item No. 65.) On November 29, 2011, the Court granted in part and denied in part motions to dismiss filed by two other Defendants, but gave Plaintiff leave to amend her claims against them.[4]

On December 12, 2011, Plaintiff filed her Third Amended Complaint. (hereafter, "TAC," Docket Item No. 78.) On February 9, 2012, the Court granted further motions to dismiss filed by the same two other Defendants, and found that further amendment of Plaintiff's claims against those Defendants would be futile.[5]

Presently before the Court is City Defendants' Anti-SLAPP Motion.

### B. Standards

The Ninth Circuit has "determined that California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court, and that these provisions do not conflict with the Federal Rules of Civil Procedure." Thomas v. Fry's Elecs., Inc., 400 F.3d 1206, 1206-07 (9th Cir. 2005) (citing United States ex rel Newsham v. Lockheed Missiles

---

[3] (Order Denying Plaintiff's Motion for Protective Order; Granting Dunn Defendants' Anti-SLAPP Motion; Granting in part and Denying in part Defendant Page's Motions to Dismiss, hereafter, "September 22 Order," Docket Item No. 63.)

[4] (Order Granting in part and Denying in part Defendants' Motions to Dismiss, Docket Item No. 76.)

[5] (Order Granting Defendants' Motions to Dismiss at 7, Docket Item No. 101.)

2

1 & Space Co., 190 F.3d 963, 972-73 (9th Cir. 1999)).  The anti-SLAPP statute was passed in
2 response to concern over an increase in meritless lawsuits brought against private individuals to gain
3 economic advantage and to deter them from exercising their political and legal rights.  Wilcox v.
4 Superior Court, 27 Cal. App. 4th 809, 816 (Cal. Ct. App. 1994).  The anti-SLAPP statute permits a
5 special motion to strike such claims; it provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

9 Cal. Civ. Proc. Code § 425.16(b)(1).

10       To prevail on an anti-SLAPP motion to strike, a defendant must first demonstrate that the
11 plaintiff's claim arises from a protected activity; that is, a defendant must show that the act of which
12 the plaintiff complains was taken "in furtherance of the [defendant's] right of petition or free speech
13 under the United States or California Constitution in connection with a public issue" as defined in
14 the anti-SLAPP statute.  Equilon Enters. v. Consumer Cause, Inc., 29 Cal. 4th 53, 67 (2002).
15 Second, "[i]f the court finds such a showing has been made, it then determines whether the plaintiff
16 has demonstrated a probability of prevailing on the claim."  Id.  Although not defined in the
17 anti-SLAPP statute, a matter of public interest is one that is "something of concern to a substantial
18 number of people."  Weinberg v. Feisel, 110 Cal. App. 4th 1122, 1132 (Cal. Ct. App. 2003) (citing
19 Dun & Bradstreet v. Greenmoss Builders, 472 U.S. 749, 762 (1985)).  "[I]t is the principal thrust or
20 gravamen of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies."
21 Martinez v. Metabolife Int'l, Inc., 113 Cal. App. 4th 181, 188 (Cal. Ct. App. 2003).  "[W]here a
22 cause of action refers to both protected and unprotected activity and a plaintiff can show a
23 probability of prevailing on any part of its claim, the cause of action is not meritless and will not be
24 subject to the anti-SLAPP  procedure."  Mann v. Quality Old Time Serv., Inc., 120 Cal. App. 4th 90,
25 106 (Cal. Ct. App. 2004) (internal citation omitted).

3

**C.     Discussion**

City Defendants move to strike Plaintiff's state law causes of action[6] against them, on the grounds that: (1) those causes of action arise from activity protected by California's anti-SLAPP statute; and (2) Plaintiff has no possibility of success on the merits as to any of those causes of action. (Motion at 8-14.) City Defendants also request attorney fees for time spent on their Anti-SLAPP Motion. (Id. at 14.) Plaintiff responds that: (1) the Anti-SLAPP Motion is untimely; (2) the causes of action at issue do not arise from activity protected by the anti-SLAPP statute, but rather arise from "unprotected illegal conduct"; and (3) regardless, she has a probability of prevailing on the merits as to each of her causes of action.[7] The Court first considers the timeliness of the Motion, and then addresses each of Plaintiff's state law causes of action in turn.

**1.     Timeliness**

At issue is whether City Defendants' Anti-SLAPP Motion is timely.

California's anti-SLAPP statute provides that any motion brought under the statute "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." Cal. Civ. Proc. Code § 425.16(f). "The 60-day period commences with the service of the most recent complaint or amended complaint in the action." Olsen v. Harbison, 134 Cal. App. 4th 278, 283 (Cal. Ct. App. 2005) (citation omitted).

Here, as discussed above, Plaintiff filed her Third Amended Complaint–which is the most recent amended complaint in this action–on December 12, 2011. On January 26, 2012, City Defendants filed their Anti-SLAPP Motion. (See Motion.) Thus, the Anti-SLAPP Motion is timely,

---

[6] The causes of action at issue in this Motion are Plaintiff's First, Second and Fourth Causes of Action, namely: (1) Violation of Cal. Civ. Code § 52.4; (2) Violation of the Ralph Civil Rights Act, Cal. Civ. Code § 51.7; and (3) Violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51. (See September 22 Order at 3 (discussing the causes of action brought by Plaintiff).)

[7] (Plaintiff's Opposition to Special Motion to Strike Certain State Law Causes of Action Pursuant to California Code of Civil Procedure § 425.16 by Defendants City and County of San Francisco, San Francisco Police Department, Former Chief of Police George Gascon [sic], Carl Tennenbaum, and Anna Brown at 5-25, hereafter, "Opp'n," Docket Item No. 102.)

4

as it was filed within sixty days of the most recent Amended Complaint in this action. Olsen, 134 Cal. App. 4th at 283.

Accordingly, the Court finds that the Anti-SLAPP Motion is timely.

**2. First Cause of Action**

At issue is whether Plaintiff's First Cause of Action, for Violation of Cal. Civ. Code § 52.4, should be stricken against Defendant Tennenbaum.[8]

Statements made by police officers in the course of their duties fall under the ambit of California's anti-SLAPP law. See Schaffer v. City and County of San Francisco, 168 Cal. App. 4th 992, 1001-04 (Cal. Ct. App. 2008). Although the "anti-SLAPP statute does not immunize police officers from misconduct," it does "attempt[] to insulate them from having to litigate plainly *unmeritorious* lawsuits." Id. (emphasis in original). Further, under California law, a "public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. Pursuant to this statute, a police officer's actions during an investigation are "cloaked with immunity, even if [he] had acted negligently, maliciously or without probable cause in carrying out [his] duties." Baughman v. State of California, 38 Cal. App. 4th 182, 192 (Cal. Ct. App. 1995). In other words, this statute "frees investigative officers from the fear of retaliation for errors they commit in the line of duty." Id. at 193 (citation omitted). If a privilege or immunity bars a defendant from being liable for a statement, then that privilege or immunity also precludes a plaintiff from establishing that she has a reasonable probability of prevailing on the merits as to that statement for purposes of an anti-SLAPP motion. See Hansen v. Cal. Dep't of Corr. and Rehab., 171 Cal. App. 4th 1537, 1546-47 (Cal. Ct. App. 2008).

---

[8] Among the City Defendants, Plaintiff's First Cause of Action is brought only against Defendant Tennenbaum. (See TAC ¶¶ 72-80.)

5

Here, Plaintiff alleges as follows:

> On August 7, 2009, [Defendant Tennenbaum] was one of several officers who responded to [a 911 call placed by Plaintiff]. (TAC ¶ 49.) [A]t some point, either as [Defendant Tennenbaum] was arriving at the scene or as he was leaving, [Defendant Lugbauer] approached [Defendant Tennenbaum] and other officers, falsely "informing" them that Plaintiff was "a liar," that Plaintiff was "harassing" him . . . and that Plaintiff should not be believed. (Id.) On August 9, 2009, [Defendant Lugbauer] sent an email to [Defendant Tennenbaum], making a series of defamatory statements about Plaintiff. (Id. ¶ 52.) On August 11, 2009, [Defendant Tennenbaum], acting under color of state law, responded to [Defendant Lugbauer's] email. (Id. ¶ 53.) [In that email, Defendant Tennenbaum] made [a] patronizing and defamatory statement [about Plaintiff]. (Id.) [Also in that email, Defendant Tennenbaum] urged [Defendant Lugbauer] to look for him in the neighborhood "and say hi," wished [Defendant Lugbauer] "good luck" in dealing with Plaintiff, and advised [Defendant Lugbauer] to "let [him] know if there is anything [Defendant Tennenbaum] can do to help." (Id.)[9]

Based on the allegations above, the Court finds that City Defendants meet their initial burden of showing that Plaintiff's First Cause of Action, as pleaded against Defendant Tennenbaum, arises from protected activity. Equilon Enters., 29 Cal. 4th at 67. In particular, the Court finds that Plaintiff's allegations center on statements allegedly made by Defendant Tennenbaum in the course of his duties, insofar as the statements were allegedly made while Defendant Tennenbaum was "acting under color of state law." (TAC ¶ 53.) Thus, Plaintiff's allegations against Defendant Tennenbaum arise from activity protected by the anti-SLAPP law.[10] Schaffer, 168 Cal. App. 4th at 1001-04.

---

[9] (See also Opp'n at 22 (contending that Defendant Tennenbaum's "liability for violating Civil Code § 52.4 consists of his encouragement and assistance rendered to [Defendant Lugbauer] that began . . . when, in an email, Defendant Tennenbaum . . . offered to 'help' [Defendant Lugbauer]").)

[10] In her Opposition, Plaintiff contends that the anti-SLAPP statute does not apply because she has also alleged "unprivileged, constitutionally unprotected conduct on the part of the police defendants that constitutes several crimes, including, but not limited to . . . witness dissuasion pursuant to California Penal Code § 136.1 . . . obstruction of justice and conspiracy to obstruct justice pursuant to California Penal Code § 182 [and] stalking and harassment pursuant to [California Penal Code] § 646.9." (Opp'n at 10-14.) However, Plaintiff's Third Amended Complaint does not include causes of action under any of those provisions of the California Penal Code. Nor does Plaintiff allege that she would have standing to bring causes of action under any of those provisions. See, e.g., Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (finding that a district court had properly dismissed claims brought under various sections of the California Penal Code because those "code sections do not create enforceable individual rights"). Accordingly, the Court finds that Plaintiff's contentions regarding alleged violations of the California Penal Code are not relevant.

Therefore, the burden shifts to Plaintiff to demonstrate that she has a reasonable probability of prevailing on this claim against Defendant Tennenbaum. Equilon Enters., 29 Cal. 4th at 67. However, Plaintiff's allegations against Defendant Tennenbaum, as discussed above, center on statements made by him in the course of his duties, which means that those statements–even if they were made "maliciously"–are "cloaked with immunity." Baughman, 38 Cal. App. 4th at 192. Because Defendant Tennenbaum has immunity for those statements, Plaintiff cannot show that she has a reasonable probability of prevailing against him on the merits as to the statements. Hansen, 171 Cal. App. 4th at 1546-47.

Accordingly, the Court GRANTS the Anti-SLAPP Motion as to Plaintiff's First Cause of Action.

### 3.  Second Cause of Action

At issue is whether Plaintiff's Second Cause of Action, for Violation of the Ralph Civil Rights Act, Cal. Civ. Code § 51.7, should be stricken against City Defendants.[11]

Among the activities protected by the anti-SLAPP statute are "any written or oral statement[s] or writing[s] made before a . . . judicial proceeding, or any other official proceeding authorized by law." Ruiz v. Harbor View Comm. Ass'n, 134 Cal. App. 4th 1456, 1466 (Cal. Ct. App. 2005). "[S]tatements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest." Rohde v. Wolf, 154 Cal. App. 4th 28, 35 (Cal. Ct. App. 2007). "A plaintiff cannot establish a probability of prevailing [against an anti-SLAPP motion] if the litigation privilege precludes the defendant's liability on the claim." Digerati Holdings, LLC v. Young Money Entertainment, LLC, 194 Cal. App. 4th 873, 888 (Cal. Ct. App. 2011). The litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by

---

[11] Plaintiff's Second Cause of Action is brought against all Defendants. (See TAC ¶¶ 81-82.) Under California law, "governmental entities and employees . . . have free speech rights" and thus are protected under the anti-SLAPP statute. See Santa Barbara County Coalition Against Auto. Subsidies v. Santa Barbara County Ass'n of Gov'ts, 167 Cal. App. 4th 1229, 1237 (Cal. Ct. App. 2008).

7

litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action." Id. at 888-89 (citation omitted). The privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." Id. (citation omitted). "The privilege is absolute and applies regardless of malice." Id.

Here, Plaintiff alleges as follows:

> On November 20, 2009, Plaintiff appeared at [a] hearing on her application for a permanent restraining order. (TAC ¶ 63.) [Defendant Lugbauer's] attorney informed the court that Plaintiff had attempted to enforce [a] temporary restraining order, and that the police had refused to enforce it. (Id.) The only way [Defendant Lugbauer] or his attorney could have known of the refusal of the police to enforce Plaintiff's restraining order was if someone from [Defendant SFPD] had contacted [Defendant Lugbauer] and, under color of state law, advised him of that fact. (Id.) Thereafter, Plaintiff repeatedly wrote to [Defendant Brown], begging her to order her officers to stop contacting [Defendant Lugbauer] [and] his attorney in order to advocate against Plaintiff on his behalf. (Id. ¶ 64.) Plaintiff sent copies of these letters to [Defendant Gascón]. (Id.) Plaintiff also requested repeatedly to meet with [Defendant Brown] to discuss the illegal and outrageous conduct being directed against Plaintiff . . . and [Defendant Brown] ignored Plaintiff's requests, never meeting with Plaintiff or responding to any of her letters. (Id.)[12]

Based on the allegations above, the Court finds that City Defendants meet their initial burden of showing that Plaintiff's Second Cause of Action arises out of protected activity. In particular, the Court finds that Plaintiff's allegations center on statements made "in connection with civil litigation"–namely, proceedings involving Plaintiff's temporary restraining order and application for a permanent restraining order. (TAC ¶¶ 63-64.) However, such statements fall within the ambit of the anti-SLAPP statute. Rohde, 154 Cal. App. 4th at 35.

Therefore, the burden shifts to Plaintiff to demonstrate that she has a reasonable probability of prevailing on this claim. However, Plaintiff's allegations against City Defendants, as discussed above, center on statements made in connection with civil litigation, which means that the litigation privilege applies to those statements. Digerati Holdings, 194 Cal. App. 4th at 888-89. Because the

---

[12] (See also Opp'n at 16-17 (pointing to these allegations in the Third Amended Complaint and contending, on their basis, that the conduct of City Defendants "constituted corrupt influence on a witness . . . dissuasion of the complaining witness . . . and a conspiracy not to enforce a valid court order, among other crimes, and [this] corrupt behavior was motivated by [Defendant Tennenbaum's] personal vendetta against Plaintiff, and his and [others'] personal friendships and business dealings with [Defendant Lugbauer]").)

8

litigation privilege applies to those statements, Plaintiff cannot show that she has a reasonable probability of prevailing on the merits as to the statements. Id.

Accordingly, the Court GRANTS the Anti-SLAPP Motion as to Plaintiff's Second Cause of Action.

### 4. Fourth Cause of Action

At issue is whether Plaintiff's Fourth Cause of Action, for Violation of the Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code § 51, should be stricken against Defendant San Francisco.[13]

The Unruh Act provides that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their sex . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). Under the Act, the term "business establishments" is "used in the broadest sense reasonably possible." O'Connor v. Village Green Owners Ass'n, 33 Cal. 3d 790, 795 (1983) (citation omitted). To prevail on an Unruh Act claim, a plaintiff must "prove *intentional* discrimination." Cohn v. Corinthian Colleges, Inc., 169 Cal. App. 4th 523, 526 (Cal. Ct. App. 2008) (citation omitted) (emphasis in original). Any cause of action that arises out of a plaintiff's "act of petitioning" before an "official proceeding established by statute to address a particular type of dispute" is covered under the anti-SLAPP statute. Philipson & Simon v. Gulsvig, 154 Cal. App. 4th 347, 358 (Cal. Ct. App. 2007).

As a threshold matter, although Defendant San Francisco does not raise this as an issue, the Court considers whether Defendant San Francisco qualifies as a "business establishment" pursuant to the Unruh Act, such that Plaintiff may bring a claim under that Act against it. The Court finds that there is a paucity of authority addressing the issue of whether a city government may constitute a "business establishment" under the Unruh Act. On the one hand, a number of federal and state courts have found that certain local government entities, under certain circumstances, are not

---

[13] Plaintiff's Fourth Cause of Action is brought only against Defendant San Francisco. (See TAC ¶¶ 92-97.)

9

1  "business establishments" under the Unruh Act.[14]  However, courts have also found that other local

2  government entities, under differing circumstances, may be sued under the Act.[15]  In the absence of

3  clear authority as to this issue, and in light of the California Supreme Court's statement that the term

4  "business establishment" under the Unruh Act is to be used in the "broadest sense reasonably

5  possible,"[16] the Court–for the purposes of this Motion only, and in order to address the merits of

6  Plaintiff's claim–assumes *arguendo* that Defendant San Francisco can be considered as a business

7  establishment under the Unruh Act.

Here, Plaintiff alleges as follows:

> Plaintiff timely filed a claim with [Defendant San Francisco], which claim was denied on May 24, 2010.  (TAC ¶ 71.)  [Defendant San Francisco] is a business establishment as defined [by the Unruh Act].  (Id. ¶ 93.)  [Defendant San Francisco] knew that Plaintiff was a female.  (Id. ¶ 94.)  By engaging in the intentional actions herein alleged, and based upon Plaintiff's status as a female, [Defendant San Francisco] denied Plaintiff the full and equal accommodations, advantages, facilities, privileges and services enjoyed by the public at large generally and by men specifically.  (Id. ¶ 95.)

Based on the allegations above, the Court finds that City Defendants meet their initial burden of showing that Plaintiff's Fourth Cause of Action arises out of protected activity.  In particular, the Court finds that Plaintiff's sole allegation against Defendant San Francisco is that she "timely filed a

---

[14]  See, e.g., Romstad v. Contra Costa County, 41 Fed. Appx. 43, 46 (9th Cir. 2002) (finding that a county social services department did not qualify as a business establishment under the Unruh Act); Estate of Bock ex rel. Bock v. County of Sutter, No. 2:11-cv-00536-MCE, 2012 WL 423704, at *10 (E.D. Cal. Feb. 8, 2010) (holding that a county jail is "not a business establishment under the Unruh Act"); Qualified Patients Ass'n v. City of Anaheim, 187 Cal. App. 4th 734, 764-65 (Cal. Ct. App. 2010) (holding that a city cannot be sued under the Unruh Act for any "legislative action" taken by that city).

[15]  See, e.g., Walsh v. Tehachapi Unified Sch. Dist., Case No. 1:11-cv-01489 LJO, 2011 WL 5156791, at *12 (E.D. Cal. Oct. 28, 2011) (holding that a plaintiff could sue a school district under the Unruh Act, and collecting cases which have held that a "public school constitutes a 'business establishment' within the meaning of the [Unruh Act]"); Madrigal v. City of Santa Maria, No. CV 10-4479 PSG, 2011 WL 486559, at *1, 7 (C.D. Cal. Feb. 7, 2011) (declining to dismiss a claim brought under the Unruh Act against a group of defendants that included a city and several city police officers).

[16]  O'Connor, 33 Cal. 3d at 795.

claim" with Defendant San Francisco, and that this claim "was denied."[17] (TAC ¶ 71.) Thus, Plaintiff's cause of action against Defendant San Francisco arises out of her "act of petitioning" Defendant San Francisco–i.e., her claim filed with Defendant San Francisco–which means that it falls under the ambit of the anti-SLAPP statute. Philipson & Simon, 154 Cal. App. 4th at 358.

Therefore, the burden shifts to Plaintiff to demonstrate that she has a reasonable probability of prevailing on this claim. However, because this cause of action arises out of an "official proceeding," the litigation privilege, as discussed above, applies.[18] Digerati Holdings, 194 Cal. App. 4th at 888-89. Because the litigation privilege applies, Plaintiff cannot show that she has a reasonable probability of prevailing on this claim. Id.

Accordingly, the Court GRANTS the Anti-SLAPP Motion as to Plaintiff's Fourth Cause of Action.

In sum, the Court GRANTS the Anti-SLAPP Motion as to Plaintiff's First, Second and Fourth Causes of Action against City Defendants.

**5.     Leave to Amend**

At issue is whether the Court should grant Plaintiff leave to amend the causes of action discussed above.

---

[17] From the allegations made in the Third Amended Complaint, it is unclear exactly what type of "claim" Plaintiff made with Defendant San Francisco. Moreover, Plaintiff's Opposition fails to offer any further details as to this cause of action. Instead, she solely contends that "the privileges and immunities do not apply [as to this cause of action]" and that she "must be granted leave to amend [this cause of action]." (Opp'n at 25.) As discussed above, Plaintiff's only allegation with respect to Defendant San Francisco is that she "timely filed a claim" with Defendant San Francisco, and that this claim "was denied." Thus, the Court infers that the only possible basis for Plaintiff's Unruh Act cause of action against Defendant San Francisco is the denial, by Defendant San Francisco, of the claim that Plaintiff contends she "timely filed" with it.

[18] As the court explained in Digerati Holdings, the litigation privilege does not apply solely to judicial proceedings, but also extends to "other official proceeding[s]." 194 Cal. App. 4th at 888; see also id. at 888 n.7 (explaining that under Cal. Civ. Code § 47, a "privileged publication . . . is one made" in any legislative proceeding, judicial proceeding, or "in any other official proceeding authorized by law"). Thus, even though the Third Amended Complaint is silent as to the nature of the "claim" at issue, the Court finds that the litigation privilege applies, inasmuch as the privilege broadly extends to "any . . . official proceeding authorized by law."

11

"When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009) (citation omitted). "Allowing a SLAPP plaintiff leave to amend the complaint once the court finds the prima facie showing has been met would completely undermine the statute by providing the pleader a ready escape from [the anti-SLAPP statute's] quick dismissal remedy." Smith v. Santa Rosa Democrat, No. C 11-02411 SI, 2011 WL 5006463, at *7 (N.D. Cal. Oct. 20, 2011) (citing Simmons v. Allstate Ins. Co., 92 Cal. App. 4th 1068, 1073 (Cal. Ct. App. 2001)).

Upon review, the Court does not find good cause to grant Plaintiff leave to amend the causes of action discussed in this Order. In particular, because the Court finds that Plaintiff does not have a reasonable probability of prevailing as to any of the causes of action at issue, it would be futile to permit her to amend. Thus, the Court declines to grant Plaintiff leave to amend the causes of action at issue in this Order. Gardner, 563 F.3d at 990.

Accordingly, the Court DENIES Plaintiff leave to amend.

**D.    Conclusion**

The Court GRANTS City Defendants' Anti-SLAPP Motion.

In light of this Order, City Defendants are entitled to attorney fees pursuant to the anti-SLAPP statute.[19]

Dated: March 15, 2012

JAMES WARE
United States District Chief Judge

---

[19] See, e.g., Vargas v. City of Salinas, 200 Cal. App. 4th 1331, 1340 (Cal. Ct. App. 2011) (explaining that under the anti-SLAPP statute, "an award of attorney fees to a defendant prevailing on a special motion to strike is mandatory"). On March 13, 2012, following the hearing on their Anti-SLAPP Motion, City Defendants filed a Motion for Fees pursuant to the anti-SLAPP statute. (See Docket Item No. 118.)

12

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Cherokee Dawn-Marie Melton melton@kerrwagstaffe.com
David Jerome Kennedy davidjkennedyatty68v@gmail.com
Edward Joseph Rodzewich Edward.Rodzewich@farmersinsurance.com
Gail Ellen Harper crimlaw5@gmail.com
James Matthew Wagstaffe wagstaffe@kerrwagstaffe.com
Joshua Seth White joshua.white@sfgov.org
Matthew Robert Halloran mhalloran@bledsoelaw.com
Richard Michael Lieberman michael@spark84.com
Richard S. Diestel rdiestel@bledsoelaw.com

**Dated: March 15, 2012**             **Richard W. Wieking, Clerk**

                                      **By:   /s/ JW Chambers**
                                              **Susan Imbriani**
                                              **Courtroom Deputy**