UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL HARPER,<br>　　　　Plaintiff,<br>　　v.<br>RYAN LUGBAUER, et al.,<br>　　　　Defendants. | Case No. 11-cv-01306-JST<br><br>**ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE**<br>Re: ECF No. 163 |

Plaintiff Harper moves to extend the deadline for completing fact discovery on the grounds of lack of funds, other work, injuries and illnesses, and Defendants' lack of cooperation in providing her with discovery. ECF No. 163. Defendants oppose the motion. ECF Nos. 171, 173, 174. For the reasons set forth below, the motion is DENIED.

## I.   BACKGROUND

Harper filed this action in San Francisco Superior Court on February 14, 2011, and Defendants removed it on March 17, 2011. ECF No. 1. Harper filed the operative complaint on December 13, 2011. ECF No. 78.

The Court entered a scheduling order on January 18, 2012, which set the deadline for fact discovery for December 14, 2012. ECF No. 98. This order afforded Harper almost eleven months to complete discovery.

After the action was reassigned, Harper requested a nine-month extension of the discovery deadline on the grounds of "time lost to [her] illness and financial problems, the time [she] has had to devote to the Mickey Thompson case since January, the defendants' obstructive behavior, and the transition from Judge Ware's control of this case to this Court's control." ECF No. 144 at 7. The Court entered a second scheduling order on October 11, 2012, which extended the discovery

1  deadline by five months to May 15, 2013. ECF No. 146.

2  After the action was reassigned a second time, Harper requested a four-month extension of
3  the discovery deadline on the grounds of "time lost to the Goodwin case in 2012, [her] illnesses
4  and financial problems, the defendants' obstructive behavior . . . [and] her appeal of Judge Ware's
5  erroneous orders." ECF No. 150 at 10. According to her case management statement, Harper did
6  not conduct any discovery between October 11, 2012, and February 27, 2013. Id. at 8-9. At the
7  case management conference held on April 2, 2013, the Court granted Harper an additional three-
8  month extension of the discovery deadline to August 2, 2013, and encouraged her to seek the
9  assistance of Magistrate Judge Vadas, the judge presiding over discovery in this case, to remedy
10 any inadequate responses to her discovery requests prior to the discovery cut-off. ECF Nos. 152,
11 153. The Court also then indicated that it would be disinclined to grant additional requests to
12 extend the discovery deadline given that this case has been pending for more than two years.

13 On July 17, 2013, sixteen days before the August 2, 2013, discovery deadline, Harper filed
14 a third request to extend the discovery deadline to November 2, 2013, on the grounds that
15 Defendants have been uncooperative in providing discovery, "[her] unusually low cash flow since
16 October of 2010, [her] inability to finance this case despite [her] best efforts, and [her] need to
17 continue to work on other cases." ECF No. 163 at 10, 23.

## II. LEGAL STANDARD

19 A district court "must" issue a scheduling order that "limit[s] the time to join other parties,
20 amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). "A
21 schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P.
22 16(b)(4). "Rule 16(b)' s good cause standard primarily considers the diligence of the party
23 seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.
24 1992) (internal quotation marks omitted). "Although the existence or degree of prejudice to the
25 party opposing the modification might supply additional reasons to deny a motion, the focus of the
26 inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent,
27 the inquiry should end." Id. (internal citation omitted).

28 //

2

### III. DISCUSSION

The Court concludes that Harper has not shown that she has been diligent in seeking discovery, resolving discovery disputes, or prosecuting this case.

The reasons that Harper offers to justify her request to extend the discovery deadline a third time nearly are identical to the reasons she previously offered. Compare ECF No. 14, with ECF Nos. 144, 150. Moreover, Harper's motion and accompanying declarations show no indication that the circumstances preventing her from completing discovery prior to the August 2, 2013, deadline have been resolved and that she will be able to complete the discovery she needs if the Court grants her request for yet another extension.

Further, the briefs submitted by Defendants and the order recently issued by Judge Vadas show that Harper has waited to serve discovery requests and to attempt to resolve discovery disputes until the last minute. See ECF Nos. 170, 171, 173, 174.

Given that the case has been pending for more than two years, that discovery has been open for more than a year, and that the Court already has extended the discovery deadline twice, the Court finds that Harper has had ample opportunity to undertake discovery and that she has not demonstrated good cause for a third extension. Accordingly, Harper's request is DENIED. The deadlines set in the April 2, 2013, scheduling order remain in place. See ECF No. 53.

**IT IS SO ORDERED**.

Dated: July 29, 2013

JON S. TIGAR
United States District Judge