UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL HARPER,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN LUGBAUER, et al.,<br><br>    Defendants. | Case No. 11-cv-01306-JST<br><br>**ORDER GRANTING PLAINTIFF'S SECOND MOTION TO ENLARGE TIME TO FILE HER OPPOSITIONS TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, EXTENDING DEFENDANTS' TIME TO REPLY, AND CONTINUING HEARING ON DEFENDANTS' MOTIONS**<br><br>Re: Dkt. No. 200 |

Before the Court is Plaintiff Gail Harper's Second Motion To Enlarge Time To File Her Oppositions To The City Defendants' and Defendant W.B. Coyle's Motions for Summary Judgment. ECF No. 200. Plaintiff's opposition briefs were due on September 6, 2013. She filed the instant motion electronically at 11:32 p.m. on that date. The Court previously granted Plaintiff's first motion for an extension to file her oppositions, from August 28 to September 6. ECF Nos. 193, 194, 196.

Defendant W.B. Coyle opposes the request. ECF No. 201. Defendants City and County of San Francisco, San Francisco Police Department, Former Chief of Police George Gascón, Carl Tennenbaum, Chad Ertola, and Anna Brown do not oppose the motion, but ask the Court to "expressly warn Plaintiff that future extension requests will not be granted and that Plaintiff's failure to file an opposition by 11:59 p.m. tonight will result in the Court's granting of City Defendants' Motion for Summary Judgment." ECF No. 204.

The asserted basis for Plaintiff's request is that her travel schedule made it impossible for her to complete the oppositions to both summary judgment in a timely way. This was the same basis for her earlier request. See ECF No. 193 at p. 1 (seeking an extension "to make up for the

time Plaintiff lost for preparing her oppositions due to the Defendants' ignoring Plaintiff's Notice of Unavailability filed on August 11, 2013").

There are several legitimate grounds for objection to Plaintiffs' motion. First, the Court already gave Plaintiff an extension, to the date of her choosing, based on the same reasons she now gives. Second, Plaintiff waited literally until the very last minute to file her request, which shows a lack of diligence in complying with the Court's scheduling orders. See Irving v. Cnty. of Sacramento, 231 F. App'x 584, 585 (9th Cir. 2007) (district court did not abuse its discretion in finding plaintiffs failed to show good cause for modifying a scheduling order where they waited until the last day to request a modification). Third, unlike the prior request, the granting of this request will necessarily affect the schedule of the motion. Assuming Plaintiff's request is granted, and she is permitted to file her responses on September 9, 2013, the Court will either need to shorten the Defendants' time to reply; shorten the Court's time to prepare for the hearing; or continue the hearing date. Indeed, Defendant Coyle opposes Plaintiff's request on precisely this ground. ECF No. 201 at p. 2 ("Plaintiff's most recent request cuts short both Coyle's time to reply and the Court's time to consider the moving papers, both of which are prejudicial to Coyle.") Finally, although Plaintiff represents herself in this litigation, and so is technically appearing *pro se*, she is a practicing lawyer.

Nonetheless, given the fact that Plaintiff is facing motions for summary judgment from two separate defendants, and in order to avoid granting a motion for summary judgment solely on the grounds that Plaintiff filed her oppositions late, the Court finds good cause[1] and grants Plaintiff one final extension, subject to additional conditions as set forth below. In applying the "good cause" standard, the Ninth Circuit has stated that Federal Rule of Civil Procedure 6(b)(1),

---

[1] Federal Rule of Civil Procedure 6(b)(1) permits the Court to extend the time for the filing of a brief any "for good cause" if a request is made before the original deadline expires, or on a showing of "excusable neglect" if the request is made after the deadline has expired. Here, although Plaintiff made her motion a mere 28 minutes before her oppositions were due, the Court concludes that the request was made "before the applicable deadline," and that the applicable standard is therefore "good cause."

like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits . . . . Consequently, requests for extensions of time made before the applicable deadline has passed should normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.

Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258-59 (9th Cir. 2010) (citations and quotation omitted).

However, in order to protect both Defendants' ability to prepare their reply briefs and the Court's ability adequately to prepare for the hearing on these motions, the Court will both extend the Defendants' time to reply and continue the hearing date. Plaintiff should also note that (1) the Court will not grant further extensions; and (2) this order does not grant Plaintiff leave to file an overlength brief.

Accordingly, good cause appearing, the Court now orders as follows:

1. Plaintiffs' oppositions to Defendants' motions are due by September 23, 2013;

2. Defendants' reply briefs are due October 11, 2013; and

3. The hearing on Defendants' motions for summary judgment, ECF Nos. 182 & 185, is continued to October 31, 2013 at 2:00 p.m. in Courtroom 9.

**IT IS SO ORDERED.**

Dated: September 9, 2013

_____
JON S. TIGAR
United States District Judge