UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| GAIL HARPER,<br><br>    Plaintiffs,<br><br>v.<br><br>RYAN LUGBAUER, et al.,<br><br>    Defendants. | Case No. 11-cv-01306-JST (NJV)<br><br>**ORDER GRANTING IN PART MOTION TO COMPEL**<br><br>Re: Dkt. No. 179 |

## INTRODUCTION

Plaintiff Gail Harper alleges that defendant Lugbauer sexually assaulted her in December 2005 and subsequently harassed her; that the San Francisco Police Department ("SFPD") failed to properly investigate her complaints relating to the rape and harassment; that defendant Tennenbaum refused to let her file police reports and defamed her; and that defendant Clay also defamed her. In her motion papers, she further argues that Tennenbaum placed her in danger by "sabotaging the 5150 process" so that Clay's son was not held for psychiatric evaluation. Harper served voluminous discovery requests on defendant City and County of San Francisco ("the City"). *See generally* Doc. No. 65 (SAC). The City informed Harper that it intended to seek an order of protection from this court unless Harper tailored her requests. Harper threatened to move for sanctions if the City failed to respond to each of her discovery requests. The City responded to the document requests with objections and produced a number of documents. Harper now moves to compel the further production of documents. Harper's motion was fully briefed and was heard on September 17, 2013. For the reasons stated below, the court will grant in part the motion to compel.

## DISCUSSION

As a threshold matter, the court notes that several defendants' motions for summary judgment are pending before the district court, and that these motions attack the majority of Plaintiff's claims. For example, the outcome of the City's motion for summary judgment will determine whether Plaintiff's 42 U.S.C. § 1983 claim based on the failure to investigate her sexual assault allegation is time-barred; whether any triable facts exist to support her claims against George Gascón and Anna Brown; and whether any triable facts exist to support her defamation claim against Tennenbaum. Harper correctly notes that this court lacks the jurisdiction to determine the arguments raised in the motions for summary judgment. (Importantly, Plaintiff does not argue that she requires the discovery she seeks to compel in order to oppose the motions for summary judgment.)

Plaintiff is entitled to all documents relating directly to the complaints she has made to the SFPD. The City represents it has provided all SFPD incident reports in which Plaintiff is a reporting party or in which she is identified as the victim. Doc. No. 191 (Pederson Decl.) ¶ 2. Harper mentioned during the hearing on her motion to compel that two reports appeared to be missing from the City's production (dated 7/7/2007 and 5/12/2012). The City shall determine whether those documents exist, and if not, what happened to them. To the extent it has not already done so, the City shall produce these reports. *See* RFPD 2-5, 7, and 9. Plaintiff's motion to compel further responses to these RFPDs is otherwise denied.

Plaintiff requests that the City produce complaints filed against, and the disciplinary history of, defendant Tennenbaum. *See* RFPD 11, 14. Plaintiff's only claim against Tennenbaum personally is one for defamation, and the City has moved for summary judgment on that claim. *See* Doc. No. 182 at 10-12. At oral argument, Plaintiff admitted that the disciplinary history of defendant Tennenbaum was not relevant to her defamation claim, but only to her Section 1983 claim against the City. Plaintiff argued that her Section 1983 claim against the City was based on, *inter alia*, the allegation that Tennenbaum interfered with the 5150 process such that Clay's son was released and continued to pose a danger to Harper, and that Tennenbaum deliberately placed Harper in danger of Lugbauer. Doc. No. 179 at 8. At oral argument, however, Harper conceded

2

that these allegations were not included in her complaint. She conceded that, as pleaded, her Section 1983 claim against the City, to the extent it is based on Tennenbaum's conduct, is based on Tennenbaum attempting to prevent her from filing police reports regarding Lugbauer in 2007 and 2008. *See* also Doc. No. 78 (Third Am. Compl.) at ¶¶ 30-32, 42-43. To the extent that any complaints have been made about, or disciplinary actions taken against, Tennenbaum for preventing persons from filing complaints of any kind, they could lead to the discovery of admissible evidence regarding Plaintiff's Section 1983 claim against the City. The City shall produce such documents, which shall be redacted to protect the privacy of third parties (not SFPD officers) to the court for in camera review. The court then will determine whether they should be provided to Plaintiff, and if so, whether a protective order is appropriate. *See* Doc. No. 192 (Decl. of Lt. R. Vaswani). Plaintiff also seeks the disciplinary history of George Gascón (SFPD Chief of Police from 2009-2011, and current S.F. District Attorney) and Captain Anna Brown (a SFPD Supervisor). Plaintiff alleges that she sent Gascón and Brown letters describing how SFPD officers were in contact with Lugbauer and were advocating against Plaintiff to Lugbauer and his lawyer, and that through their inactions they ratified their officers' violations of Plaintiff's rights. *See* Doc. No. 78 at ¶¶ 64, 67. Plaintiff also alleges that Gascón and Brown failed to properly hire, train, supervise and discipline their officers. *See id*. at ¶ 87. Plaintiff has made no showing that the disciplinary histories of Gascón and Brown are relevant to her claims, and the motion to compel the disciplinary histories of these two defendants is denied.

RFPD 18 seeks 52 different categories of documents. While some of these categories are logically related, many are not. This RFPD is overly broad and unduly burdensome on its face. Plaintiff nonetheless is entitled to some documents relating to policies and procedures regarding investigation and reporting of sexual assault at the time Plaintiff reported the incident (2006). These documents are directly relevant to her claims. To the extent the City has not yet produced them, the City shall produce such documents for the period 2005-2007. Plaintiff has not shown how policies and procedures relating to the present day are relevant to her claims, thus her motion to compel further responses to RFPD 19 is denied.

For the reasons stated above, the City shall produce documents relating to any

3

1 audit/independent review of the investigation and reporting of sexual assaults (RFPD 24)
2 conducted in the years 2005-2007 to the court for in camera review. Any responsive documents
3 may be redacted to protect the name and identifying information of third parties (not SFPD
4 officers). The court then will determine whether they should be provided to Plaintiff, and if so,
5 whether a protective order is appropriate.

6 Plaintiff's motion to compel further responses to RFPD 84 is granted in part: to the extent
7 any document defines the term "unfounded" as it was used in the context of sexual assault
8 complaints in 2006, the City shall produce a document defining that term.

9 Plaintiff's request for reports and investigations relating to other victims (RFPD 74, 75, 76,
10 85) is denied. The identity of reporting victims is privileged and confidential, and Plaintiff has not
11 shown that she is entitled to this information. In addition, the existence of other victims of sexual
12 assault is not -- without more -- relevant to her Section 1983 claim. However, complaints made
13 about SFPD officers relating to their failure to properly investigate reports of sexual assaults
14 between 2005 and 2007, and any disciplinary actions taken against SFPD officers relating to their
15 failure to properly investigate reports of sexual assaults between 2005 and 2007, may be relevant
16 and may lead to the discovery of admissible evidence. The City shall produce any such
17 documents, which shall be redacted to protect the privacy of third parties (not SFPD officers), to
18 the court for in camera review. The court then will determine whether they should be provided to
19 Plaintiff, and if so, whether a protective order is appropriate. Plaintiff's RFPDs relating to other
20 victims of sexual assault are otherwise denied.

21 In RFPD 10, Plaintiff asks the City to produce other incident reports made by third parties
22 against Lugbauer. Harper contends these documents are relevant to proving the underlying crimes
23 of rape and domestic violence, but the citations she uses to support her argument pertain to
24 criminal actions under California law. *See* Doc. No. 199 at 8. These documents could lead to the
25 discovery of admissible evidence relevant to Harper's Section 1983 claim against the City and to
26 her defamation claim. To the extent any of these incident reports exist for the period 2005 to
27 2007, and pertain to sexual assault or stalking, the City shall produce the documents, redacting
28 them of any identifiable information of victims.

4

Plaintiff requests reports and investigations relating to defendant Clay's son (RFPD 6), arguing that they are likely to lead to the discovery of evidence relevant to her defamation claim and to her Section 1983 claim against the City. Clay's son is not a party to this action. Plaintiff conceded during oral argument that her Section 1983 claim, as pleaded, was not based on Tennenbaum's alleged sabotaging of the 5150 hold process. She argued that documents establishing that Clay's son was the subject of complaints/arrests/police action/5150 holds would tend to support her claim that Clay and Tennenbaum defamed her. Plaintiff's requests for the confidential and privileged information of a non-party is not reasonably calculated to lead to the discovery of admissible evidence regarding her Section 1983 claim against the City or her defamation claim. Plaintiff is entitled to copies of any complaints regarding Clay's son that Plaintiff made to SFPD, but the motion to compel further response to RFPD 6 otherwise is denied.

The City shall comply with the terms of this order within 21 days.

**IT IS SO ORDERED**.

Dated: October 17, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge