UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL HARPER,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN LUGBAUER, et al.,<br><br>    Defendants. | Case No. 11-cv-01306-JST<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>ECF No. 231 |

Plaintiff Harper moves for relief from the nondispositive order entered by the Magistrate Judge presiding over discovery in this case, in which the Magistrate Judge denied her motion to compel the production of certain documents pertaining to non-party Nicholas Bersher, the son of Defendant Clay. For the reasons set forth below, the motion is DENIED.

**I.    BACKGROUND**

Harper brings this action against Defendants the City and County of San Francisco ("the City"), Ryan Lugbauer, W.B. Coyle, David Kennedy, Larry Page, Marcia Clay, Chad Ertola, George Gascon, Anna Brown, and Carl Tennenbaum. The gravamen of the complaint is that Defendant Lugbauer sexually assaulted and harassed Harper, that the San Francisco Police Department ("SFPD") and the City failed to investigate these incidents, and that several of the individual defendants defamed her. ECF No. 82.

Harper asserts the following claims in the operative complaint: (1) violations of California Civil Code section 52.4 against Coyle, Kennedy, Page, Lugbauer, Tennenbaum, Ertola, and Clay; (2) violations of California Civil Code section 51.7 against all Defendants; (3) a Monell claim under 42 U.S.C. § 1983 against the City, Gascon, and Brown for failure to train or supervise; (4) violations of California Civil Code section 51 against the City; (5) defamation against Lugbauer,

Coyle, Kennedy, Page, Ertola, Clay, and Tennenbaum; and (6) conspiracy to commit battery against Lugbauer, Coyle, Kennedy, Page and Ertola.[1]

Nicholas Bersher is not a party to this case. In her complaint, Harper alleges that Bersher, who also is known as Nicholas Clay, is the schizophrenic son of Defendant Clay; that Harper called 911 in August 2009 because Bersher directed a "psychotic outburst" at her; and that Lugbauer told Tennenbaum and other police officers who responded to her call that she lied or exaggerated her account of Bersher's conduct. ECF No. 82 ¶¶ 49-51.

Harper served a request for the production of documents ("RFPD") on the City, through which she sought to obtain "all reports made to the SFPD by any person regarding NICHOLAS CLAY, a.k.a. NICHOLAS BESHER, starting around 2007 and up to the present, including, but not limited to, his acts of disturbing the peace, acts of aggression against others, acts resulting in damage to property, stalking behavior, all reports of his psychotic behavior generally (hereinafter 'Nicholas Clay/Besher incidents,') and any investigation and/or follow-up to those incidents[.]" ECF No. 179, Ex. 1 at 16, RFPD No. 6.

After the City objected to Harper's RFPD, Harper moved to compel the production of the documents pertaining to Bersher (RFPD 6), as well as other documents that are not at issue in the motion presently before the Court. ECF No. 179. Harper argued that the documents responsive to RFPD 6 are relevant to her claim of defamation against Defendants Clay, Tennenbaum, and Lugbauer, as well as her § 1983 claim against the City. Id. at 16-17. Harper also contended that Bersher had waived any privacy interest with respect to these documents because his "schizophrenic behavior is well known to people in North Beach[.]" Id. at 17.

The Magistrate Judge granted in part and denied in part Harper's motion to compel. With respect to the documents responsive to RFPD 6, the Magistrate Judge held that:

//

//

---

[1] The Court granted Coyle and Page's motion to dismiss Harper's claims under section 52.4, section 51.7, and conspiracy to commit battery to the extent that Harper asserted these claims against them. See ECF No. 101.

> Plaintiff's requests for the confidential and privileged information of a non-party is not reasonably calculated to lead to the discovery of admissible evidence regarding her Section 1983 claim against the City or her defamation claim. Plaintiff is entitled to copies of any complaints regarding Clay's son that Plaintiff made to SFPD, but the motion to compel further response to RFPD 6 otherwise is denied.

ECF No. 228 at 5.

Harper now moves for relief from the Magistrate Judge's order to the extent that the order denied her responsive documents pertaining to Bersher on the ground that the Magistrate Judge "misunderst[ood] . . . [her] statements during argument on the motion and . . . misread[ ] . . . the Third Amended Complaint [TAC]." ECF No. 231 at 1.

Defendants oppose the motion, arguing that Harper provides no basis to conclude that the Magistrate Judge's order was clearly erroneous or contrary to law within the meaning of Federal Rule of Civil Procedure 72. ECF No. 234.

## II. LEGAL STANDARD

After a district court refers a pretrial matter to a magistrate judge, the district court may reconsider the matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). Under this standard, "[t]he magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (citation omitted). This standard "allows the court to overturn a magistrate's factual determinations only if the court reaches a definite and firm conviction that a mistake has been committed." Id. (citations and internal quotation marks omitted).

## III. DISCUSSION

The Court concludes that Harper has not met her burden to show that the Magistrate Judge's order was clearly erroneous or contrary to law.

The Magistrate Judge's holding with respect to the documents at issue was based on the relevance standard of Federal Rule of Civil Procedure 26. This rule permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" if it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(a).

1 The Magistrate Judge concluded that, contrary to Harper's arguments, the documents at issue are "not reasonably calculated to lead to the discovery of admissible evidence regarding her Section 1983 claim against the City or her defamation claim," and thus are not relevant under Rule 26. ECF No. 228 at 5.

"When the court reviews the magistrate's determination of relevance in a discovery order, the court must review the magistrate's order with an eye toward the broad standard of relevance in the discovery context. Thus, the standard of review in most instances is not the explicit statutory language, but the clearly implicit standard of abuse of discretion. The court should not disturb the magistrate's relevance determination except where it is based on an erroneous conclusion of law or where the record contains no evidence on which [the magistrate] rationally could have based that decision." Perry, 268 F.R.D. at 348 (internal citations and quotation marks omitted).

Here, Harper has not articulated any basis for finding that the Magistrate Judge's relevance determination was legally erroneous or factually unsupported. The thrust of Harper's argument is that the Magistrate Judge misunderstood the scope of her § 1983 claim. Upon review of the relevant filings, the Court is not persuaded that the Magistrate Judge misunderstood either the allegations in the complaint or the arguments that the parties made in connection with Harper's motion for discovery. Accordingly, the Court will not disturb the Magistrate Judge's determination with respect to the documents at issue.

## IV. CONCLUSION

Harper's motion for relief from the nondispositive order of the Magistrate Judge is DENIED.

**IT IS SO ORDERED**.

Dated: November 8, 2013

_____
JON S. TIGAR
United States District Judge